FRANÇOIS GILLETT and others v. CHARLES DERANCO.

One who has been employed by the partners in liquidation of the affairs of a commercial partnership, cannot claim a commission on the value of goods divided in kind among the partners; but he is entitled to a compensation proportioned to the trouble to which he was subjected in making such division.

APPEAL from the Commercial Court of New Orleans, *Watts*, J. *Benjamin*, for the plaintiffs.
*Bodin* and *Roselius*, for the appellants.

MARTIN, J.   The defendant is appellant from a judgment which rejects a part of his claim against the plaintiffs, who have prayed, that the judgment may be amended in their favor, on their complaint that it sustains claims of the defendant, which ought to have been rejected.   The defendant was employed by the plaintiffs, in the liquidation of the affairs of a partnership which had existed between the latter.   In rendering the account of his administration, the defendant charged a sum of about fourteen hundred dollars, for his trouble in dividing the goods of the partnership between its members, and nearly the same sum for his commission on the active debts of the partnership not recovered, the evidence of which he surrendered.   On both these items he charged for his trouble a commission.   This was objected to : the first item, on the ground that the division of the goods was made by him as the friend of one of the partners, jointly with another person as the friend of the other ; that these operations employed him but for a short time, and were not attended by that responsibility which in mercantile affairs is the basis of the commission.   The second item was opposed on the ground, that the debts uncollected, the evidences of which were surrendered, were worthless. The judgment does not enable us to ascertain the amount at which the First Judge valued the services of the defendant in dividing the goods, attending to the recovering of the debts uncollected, and in prosecuting suits and obtaining judgments on most of them.   He certainly is not entitled to a commission on the division of the goods ; but this operation must have been attended with a trouble which requires some compensation.   Debts which finally can not be collected, require trouble and care in the attempt to realize or liquidate them.   The sum allowed by the judgment, above the items of the defendant's account, which are not objected to, is not so large as to induce the belief that his services, in both these instances, have been excessively overrated, or insufficiently compensated.

*Judgment affirmed.*